FARHAD NOVIAN (SBN 118129)
JOSEPH A. LOPEZ (SBN 268511)
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222
Farhad@NovianLaw.com
Joseph@NovianLaw.com

Attorney for Plaintiff,
COUTURE TEXTILE, INC., a California corporation

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUTURE TEXTILE, INC., a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>CLEO PATRA JEANS, INC., a California corporation dba Cleo Apparel, dba Cleo Casual, dba Cleo, dba C.L.O.; ANS PRODUCTION CORPORATION, a California corporation dba Cleo Apparel, dba Cleo Casual, dba Cleo, dba C.L.O.; CLO APPAREL, INC., a California corporation dba Cleo; RAINBOW APPAREL DISTRIBUTION CENTER, CORP., a New Jersey corporation dba Rainbow Apparel; ANTTOI CORP., a California corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. Copyright infringement;**<br>**2. Vicarious and/or Contributory Copyright Infringement**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, COUTURE TEXTILE, INC., a California corporation, by and through its undersigned counsel, complaining of the defendants CLEO PATRA JEANS, INC., a California corporation dba Cleo Apparel, dba Cleo Casual, dba Cleo, dba C.L.O.; ANS PRODUCTION CORPORATION, a California corporation dba Cleo Apparel, dba Cleo Casual, dba Cleo, dba C.L.O.; CLO APPAREL, INC., a California corporation dba Cleo; RAINBOW APPAREL DISTRIBUTION CENTER, CORP., a New Jersey corporation; ANTTOI CORP., a California corporation; and DOES 1 through 10, inclusive (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff creates and obtains rights to unique two-dimensional non-functional artworks for gallery display and use on textiles, which are transacted primarily in and through the apparel industry. Plaintiff owns these designs in exclusivity and exploits these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties. Defendants have knowingly and intentionally used one such design in the production of unauthorized goods which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3. This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part

of the events giving rise to the claims occurred the tortuous acts occurred, and a substantial part of the injury took place and continues to take place; and (b) this is a judicial district in which Defendants may be found.

## THE PARTIES

5. Plaintiff COUTURE TEXTILE, INC. ("Plaintiff") is a California corporation with its principal place of business in the County of Los Angeles, State of California.

6. Upon information and belief, defendant CLEO PATRA JEANS, INC. ("Defendant Cleo Patra") is, and at all times relevant was, a California corporation dba Cleo Apparel, dba Cleo Casual, dba Cleo, and dba C.L.O., and is doing business within the jurisdiction of this Court.

7. Upon information and belief, defendant CLO APPAREL, INC. ("Defendant Clo Apparel") is, and at all times relevant was, a California corporation dba Cleo, and is doing business within the jurisdiction of this Court.

8. Upon information and belief, defendant ANS PRODUCTION CORPORATION ("Defendant ANS") is, and at all times relevant was, a California corporation dba Cleo Apparel, dba Cleo Casual, dba Cleo, and dba C.L.O., and is doing business within the jurisdiction of this Court.

9. Plaintiff is informed and believes, and on such information and belief alleges, that at all relevant times hereto, Defendant Cleo Patra, Defendant Clo Apparel, and Defendant ANS were and are the alter egos of each other, and therefore each is fully liable for the acts of the other.

10. Defendant Cleo Patra, Defendant Clo Apparel and Defendant ANS will herein be collectively referred to as "Defendant Cleo."

11. Upon information and belief, defendant RAINBOW APPAREL DISTRIBUTION CENTER, CORP. ("Defendant Rainbow") is, and at all times relevant was, a New Jersey corporation dba Rainbow Apparel and is doing business within the jurisdiction of this Court.

12. Upon information and belief, defendant ANTTOI CORP. ("Defendant Anttoi") is, and at all times relevant was, a California corporation and is doing business within the jurisdiction of this Court.

13. Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein. Accordingly, Plaintiff sues said defendants by said fictitious names. At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

14. Upon information and belief, at all times relevant herein, Defendants, including Does 1 through 10, inclusive, and each of them, were and still are the partners, agents, employers, and/or employees of the other named Defendants, and each of them; that in so doing the things alleged, said Defendants were acting within the course and scope of said partnership, agency, or employment; and that in so doing the things alleged, said Defendants were acting at all times with the knowledge, consent, and authorization of each of the other Defendants.

15. Upon information and belief, at all times relevant herein, Defendants, including Does 1 through 10, inclusive, and each of them, are the alter egos of each other; are characterized by a unity of interest in ownership and control among themselves such that any individuality and separateness between them have

ceased; are a mere shell instrumentality and conduit through which Defendants carried on their business by use of each others' names; completely controlled, dominated, managed, and operated each others' business to such an extent that any individuality or separateness of the Defendants does not and did not exist; completely failed to observe any corporate formalities; and intermingled the assets of each other, and other entities affiliated with them, to suit the convenience of themselves and in order to evade payment of obligations and legal liability to various customers and creditors.

## **PLAINTIFF'S COPYRIGHT**

16. Plaintiff owns, and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VAu 1-150-972, entitled "September 0113 Major Collection" which included a two-dimensional textile design internally referred to as MA130947 ("Design").

## **DEFENDANTS' INFRINGING CONDUCT**

17. Plaintiff is a fabric print designer who regularly sells, licenses, or otherwise exploits its designs to third parties.

18. In or around February 2015, Plaintiff discovered that Defendant Rainbow was selling garments bearing designs that are identical or substantially similar to Plaintiff's Design ("Infringing Garments").

19. Upon information and belief, Defendants have misappropriated the Design, and are selling Infringing Garments online and to retail stores throughout the United States, including but not limited to within this judicial district.

20. Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully reproducing, importing, distributing and/or selling Infringing Garments in this judicial district that feature a design that is identical, or substantially similar to, the Design.

21. Upon information and belief, Defendants' infringing use of the Design is not limited to the Infringing Garments described above, and other garments

Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold may infringe Plaintiff's copyright in the Design.

22. On or around March 23, 2015, Plaintiff, through its counsel, addressed a letter to Defendant Rainbow informing it of the Infringing Garments. Plaintiff demanded, among other things, that Defendant Rainbow immediately cease and desist from using, copying, reproducing, distributing, displaying, ordering, purchasing, manufacturing, offering for sale or advertising the Design in any way. Plaintiff also demanded that Defendant Rainbow provide Plaintiff's counsel with a written accounting of each and every use of the Design by Defendant Rainbow, or any person or entity working with or for Defendant Rainbow and to provide Plaintiff's counsel with the names, addresses, and contact information for the manufacturers, stores, websites, and companies used by Defendant Rainbow in relation with the Design. Plaintiff further demanded that Defendant Rainbow provide Plaintiff's counsel with copies of all sales receipts, invoices, customer records, accounting records, and inventories of and relating to the Design.

23. An attorney purporting to represent Defendant Rainbow contacted Plaintiff's counsel on or around March 30, 2015, and identified Defendant Cleo as Defendant Rainbow's vendor for the Infringing Garments.

24. An attorney purporting to represent Defendant Cleo contacted Plaintiff's counsel on or around March 31, 2015. At this time, Defendant Cleo's counsel informed Plaintiff's counsel that Defendant Cleo was in possession of the cease and desist letter Plaintiff sent to Defendant Rainbow, and Defendant Cleo would provide Plaintiff with a substantive response to the cease and desist letter.

25. On or around April 17, 2015, counsel for Defendant Cleo provided Plaintiff with invoices for the Infringing Garments which identify Defendant Anttoi as Defendant Cleo's vendor for the Infringing Garments.

26. From April 2015 to July 2016, Plaintiff's counsel and Defendant Cleo's counsel have exchanged communications in an attempt to resolve this

matter informally. During this time, Defendant Cleo did not provide Plaintiff with sufficient and complete documents and information related to the Infringing Garments. Furthermore, Plaintiff strongly questioned the accuracy of the documents and information Defendant Cleo provided to Plaintiff. No further responses from Defendant Cleo have been received by Plaintiff since May 17, 2016.

27. Upon information and belief, the Defendant Cleo's delays to resolve this matter for well over a year has been an intentional attempt to delay the filing of this lawsuit, such that Plaintiff believes it has no further recourse other than to file this lawsuit to seek redress from the court and, through the discovery process, the information and documents that are uniquely in Defendants' possession, custody, and control.

28. Upon information and belief, Defendants continue to misappropriate the Design and to unlawfully reproduce, import, distribute, and/or sell Infringing Garments, in this judicial district, featuring a design, which is identical, or substantially similar to the Design.

## **FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement - Against All Defendants)**

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 28, inclusive, of this Complaint, as if fully set forth herein at length.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Design and by producing, distributing and/or selling Infringing Garments.

31. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to his business in an amount to be established at trial.

32. Due to Defendants' acts of infringement, Plaintiff has suffered general

and special damages in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

35. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement
### - Against All Defendants)

36. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 28, inclusive.

37. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Garments featuring the Design as alleged hereinabove.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

39. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

40. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design, in an amount to be established at trial.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

42. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional

misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against Defendants, jointly and severally:

Against All Defendants, With Respect to Each Claim for Relief:

    a.    That Defendants, their agents and servants be enjoined from selling Infringing Garments, or otherwise infringing Plaintiff's copyright in the Design;

    b.    That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c.    That Plaintiff be awarded his attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

    d.    Directing such other relief as the Court may deem appropriate to prevent the Defendants from participating in this or other copyright infringements; and

    e.    Such other relief as the Court may deem appropriate.

Dated: August 31, 2016    **NOVIAN & NOVIAN, LLP**
    Attorneys at Law

By:   /s/ Farhad Novian
    FARHAD NOVIAN
    JOSEPH A. LOPEZ
    Attorney for Plaintiff,
    COUTURE TEXTILE, INC.,
    a California corporation

# DEMAND FOR JURY TRIAL

A jury trial is demanded pursuant to Fed. R. Civ. P. 38.

Dated: August 31, 2016         **NOVIAN & NOVIAN, LLP**
                                Attorneys at Law

                                By:   /s/ Farhad Novian
                                      FARHAD NOVIAN
                                      JOSEPH A. LOPEZ
                                      Attorney for Plaintiff,
                                      COUTURE TEXTILE, INC.,
                                      a California corporation